United States District Court
Southern District of Texas
**ENTERED**
July 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EMILIO RENE SERESEROZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00016 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Emilio Rene Sereseroz ("Plaintiff"), a Texas inmate currently confined at the Stevenson Unit in Cuero, Texas, filed this *pro se* 42 U.S.C. § 1983 prisoner civil rights action on May 3, 2022. (Doc. No. 1.) On the same date, Plaintiff also submitted an application to proceed *in forma pauperis* (IFP) along with a copy of his inmate trust fund account statement. *See* Doc. Nos. 2, 3. Plaintiff's inmate trust fund account statement (Doc. No. 3) showed a current balance of $493.19, and a six-month average balance of $1,404.55, indicating to the Court that Plaintiff could afford the $402.00 filing fee for this action. Therefore, on May 9, 2022, the Court ordered Plaintiff to either pay the filing fee or show cause as to why he could not pay the filing fee to pursue this action. (Doc. No. 6.)

On May 23, 2022, Plaintiff responded that he could not pay the filing fee because of his recently reduced inmate trust fund account balance, which had dropped to $373.99. (Doc. No. 7.) In support of his response, Plaintiff attached a commissary purchase receipt that showed his purchase of 157 commissary goods on May 16, 2022, costing a total of $119.20. *Id.* at 3. These May 16 purchases reduced Plaintiff's balance from $493.19 to $373.99. *Id.* Review of

Plaintiff's receipt reveals that all but $22.85 of these May 16 purchases were for food items: Plaintiff's commissary purchases that day included coffee, danish pastries, peppermint sticks, pickles, tortilla chips, Big Red soda, turkey, and ice cream, among others.

The Court explained to Plaintiff that determinations regarding an inmate's IFP status are made based on the inmate's financial condition during the six-month period immediately prior to the filing of a case. *See* Doc. No. 8, p. 2 (citing 28 U.S.C. § 1915(a)(2)). The Court further explained that developments occurring subsequent to the filing of a case "negatively impacting [an inmate's] financial condition have no bearing on" whether an inmate is entitled to IFP status. *See Timms v. Douthit*, No. 5:20-CV-067-M-BQ, 2020 WL 3410464, at *2 (N.D. Tex. June 22, 2020).

The Court found that Plaintiff's decreased balance following the filing of this action resulted from his decision to spend his funds elsewhere, and that Plaintiff had failed to demonstrate sufficient cause to reverse or otherwise modify the order requiring him to pay the full filing fee. (Doc. No. 8, pp. 2-3.) The Court therefore ordered Plaintiff to pay the $402.00 filing fee on or before June 22, 2022, and warned him that no further extensions of time to pay the filing fee would be granted absent a showing of extraordinary circumstances. *Id.* at 3. To date, Plaintiff has failed to comply with the Court's order. In fact, Plaintiff has not responded at all.

The Court has twice warned Plaintiff that his action would be dismissed for want of prosecution if he failed to comply with these court orders. *See* Doc. Nos. 6, 8. A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). Here,

Plaintiff has failed to comply with the Court's order to submit the filing fee required to pursue this civil rights action. Therefore, the undersigned recommends that Plaintiff's case be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED on July 6, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge

### NOTICE

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).